1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5                                SAN JOSE DIVISION

6

7    UNITED STATES OF AMERICA,                 Case No.  5:16-cv-01996-EJD

                      Petitioner,
8                                              **ORDER GRANTING VERIFIED**
                                               **PETITION TO ENFORCE INTERNAL**
9          v.                                  **REVENUE SERVICE SUMMONS**

                                               Re: Dkt. No. 1
10   CADE CORPORATION,

                      Respondent.
11

12          This summons enforcement matter arises from an underlying investigation by the Internal

13   Revenue Service ("IRS") into the tax liabilities of taxpayer Rozann M. Stenshoel-Sousa for unpaid

14   taxes for the 2000, 2001, 2002 and 2003 tax years.  Petitioner the United States of America ("the

15   Government") has filed, and is presently seeking to enforce, an IRS Summons against

16   Respondent, Cade Corporation ("Cade"), Ms. Stenshoel-Sousa's employer.  See Verified Pet. to

17   Enforce Internal Revenue Service Summons ("Pet."), Dkt. No. 1.  The IRS submits that the

18   information sought by the Summons is relevant to assessing and determining Ms. Stenshoel-

19   Sousa's assets, tax debts, and taxable income, among other things, in conjunction with its ongoing

20   investigation.  See Pet.  ¶¶ 5, 7.

21          On November 23, 2015, Revenue Officer Smith served an IRS Summons on Cade at its

22   place of business.  Pet. ¶ 6, 10; Resp't's Resp. to the Verified Pet. ("Resp."), ¶ 6, Dkt. No 10.  The

23   Summons required Cade's corporate officers to appear on January 13, 2016 "to give testimony and

24   to bring for examination certain documents and records."  See Pet., Ex. A, Dkt. No. 1-1.  On

25   January 8, 2016, Ms. Stenshoel-Sousa filed a Petition to Quash IRS Summons, which was

26   dismissed with prejudice on May 20, 2016.  Pet.'s Reply in Support of Verified Pet. ("Reply") at

27   Exs, C, D, Dkt. Nos. 11-2, 11-3.  Despite the dismissal of the Petition to Quash, Cade has thus far

28

United States District Court
Northern District of California

1    failed to comply with the Summons regarding Ms. Stenshoel-Sousa's financial information.  As a

2    result, the Government filed the instant Petition to Enforce the Summons.

3           On May 24, 2016, this Court issued an Order to Show Cause why the Summons should not

4    be enforced, and on August 25, 2016, the parties appeared before Judge Edward J. Davila for a

5    hearing on the matter.  Dkt. Nos. 3, 12.  Cade requests that the Court deny the Petition, or,

6    alternatively, be given discovery and/or an evidentiary hearing.  Resp. at 3.  The Government

7    opposes the request for discovery or an evidentiary hearing, and argues that Respondent "fail[ed]

8    to raise any facts or evidence of bad faith to rebut Petitioner's *prima facie* case" such that it would

9    be entitled to discovery or a hearing.  Reply at 3.

10          Having reviewed the relevant pleadings and considered the arguments of counsel presented

11   at the hearing, the court finds, concludes, and orders as follows:

12          1.      The summons power is an investigative tool provided by Congress to enable the

13   IRS to determine and assess all taxes due.  26 U.S.C. § 6201.  The IRS is afforded significant

14   authority to summons information necessary for investigative purposes.  26 U.S.C. § 7602; see

15   United States v. Jose, 131 F.3d 1325, 1327 (9th Cir. 1997) (en banc).  Specifically, the IRS is

16   authorized to summon "any person having possession, custody, or care of books of account"

17   relating to a taxpayer, or to summon "any other person" the IRS deems proper to produce

18   information relevant to an inquiry.  26 U.S.C. § 7602(a)(2); see, e.g., Chen Chi Wang v. United

19   States, 757 F.2d 1000, 1002 (9th Cir. 1985) (explaining that the IRS is invested with "broad

20   powers to summon information relevant to determining the liability of any taxpayer.").  If the

21   summoned party refuses to produce the requested information, the government may seek judicial

22   enforcement of the summons in the district court.  26 U.S.C. § 7604.  "The sole purpose of the

23   enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and

24   in good faith."  Jose, 131 F.3d at 1329 (citing United States v. Powell, 379 U.S. 48, 57–58 (1964)).

25          2.      The IRS bears the initial burden of establishing a "good faith" basis for the

26   summons by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks

27   information relevant to the purpose; (3) seeks information not already within the IRS's possession;

28

United States District Court
Northern District of California

2

1   and (4) satisfies all of the administrative steps required by the Internal Revenue Code.  Powell,

2   379 U.S. at 57–58; Jose, 131 F.3d at 1327; United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th

3   Cir. 1993).  The government's burden in this regard is minimal, and generally may be satisfied by

4   a declaration or affidavit from the investigating agent that the Powell requirements have been met.

5   United States v. Cathcart, 409 F. App'x 74, 75 (9th Cir. 2010); see also United States v. Bell, 57 F.

6   Supp. 2d 898, 906 (N.D. Cal. 1999).  However, "[t]he government's burden, while not great, is

7   also not non-existent," and if a summons is challenged, "it must be scrutinized by a court to

8   determine whether it seeks information relevant to a legitimate investigative purpose."  United

9   States v. Goldman, 637 F.2d 664, 667-68 (9th Cir.1980).

10          3.      The party opposing enforcement of a summons may do so "on any appropriate

11   grounds," including failure to satisfy the Powell requirements.  Reisman v. Caplin, 375 U.S. 440,

12   449 (1964).  However, once the government establishes a *prima facie* case, a "heavy" burden then

13   falls upon those opposing enforcement to show either an abuse of process or a lack of good faith.

14   United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316 (1978); Jose, 131 F.3d at 1328. "The

15   [party opposing enforcement] must allege specific facts and evidence to support [its] allegations"

16   of bad faith or improper purpose.  Jose, 131 F.3d at 1328; (quoting Liberty Fin. Servs. v. United

17   States, 778 F.2d 1390, 1392 (9th Cir. 1985)).

18          4.      As part of a summons enforcement proceeding, the district court also has great

19   discretion to limit or deny requests for discovery and evidentiary hearings.  United States v.

20   Stuckey, 646 F.2d 1369, 1373 (9th Cir. 1981); United States v. Church of Scientology of

21   California, 520 F.2d 818, 821 (9th Cir. 1975).  Discovery in a summons enforcement proceeding

22   is the exception rather than the rule.  Stuckey, 646 F.2d at 1374.  While some circuits regularly

23   allow pre-hearing discovery, the Ninth Circuit permits "limited discovery only if the [requesting

24   party] can make a substantial preliminary showing of abuse or wrongdoing."  Id. (quoting Church

25   of Scientology, 520 F.2d at 824).  If the allegations by the party opposing enforcement of the

26   summons are sufficient, a limited evidentiary hearing may be conducted.  However, the party must

27   be able to provide at least "a minimal amount of evidence" in order to justify an evidentiary

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   hearing.  Id. at 1372; see e.g., United States v. Popkin, 623 F.2d 108, 109 (9th Cir. 1980).  The

2   court may then decide if discovery is warranted.  Stuckey, 646 F.2d at 1374.

3          5.       Here, the Government alleges and submits the following as evidence that the

4   Summons satisfies the Powell requirements:

5          First, the Summons was issued for the legitimate purpose of aiding in the collection of

6   unpaid tax liabilities for Ms. Stenshoel-Sousa.  See 26 U.S.C. § 7602(a); Pet. ¶¶ 3, 7.

7          Second, the Summons seeks information relevant to that purpose because the Government

8   believes that Cade is "in possession and control of records, papers and other data regarding income

9   and other matters covered by [the Officer's] inquiry," and which can "reasonably be expected to

10  assist in the ascertainment and/or collection of tax liabilities of Ms. Stenshoel-Sousa."  Pet. ¶¶ 5,

11  7.  Additionally, Magistrate Judge Beeler's Report and Recommendation regarding Ms. Stenshoel-

12  Sousa's Petition to Quash further found: (1) Cade's information may be relevant to determining

13  "assets available to satisfy [Ms. Stenshoel-Sousa's] tax liability because she apparently owns an

14  interest in the company;" (2) Cade's "possible repayment of Ms. Stenshoel-Sousa's loans or

15  mortgage is relevant to an evaluation of her overall level of income," because "discharge of

16  indebtedness is a form of income;" and (3) the information at issue "is relevant to collection now,

17  despite the tax liability being assessed for years 2000-03."  Stenshoel-Sousa v. United States, No.

18  16-MC-80009-LB, 2016 WL 2962891, at *3 (N.D. Cal. Apr. 7, 2016), report and recommendation

19  adopted sub nom. Stenshoel - Sousa v. United States, No. 16-MC-80009-JD, 2016 WL 2939072

20  (N.D. Cal. May 20, 2016); see 26 U.S.C. § 61(a)(12).

21         Third, the IRS affirmatively asserts that the information sought by the Summons is not

22  already within the IRS's possession or control.  Pet. ¶ 5.

23         And fourth, the IRS states that it has satisfied all of the administrative steps required by the

24  Internal Revenue Code.  Pet. ¶ 11.  Specifically, the IRS asserts that it properly served the

25  Summons upon Respondent at its place of business, and Respondent admits it received service.

26  Pet. ¶ 6, 10; Resp. ¶ 6.

27         6.       The Court finds that the IRS has set forth a *prima facie* case satisfying the four

28
4
Case No.: 5:16-cv-01996-EJD
ORDER GRANTING VERIFIED PETITION TO ENFORCE IRS SUMMONS

United States District Court
Northern District of California

1  Powell requirements and the burden now shifts to Cade to show an abuse of process or lack of

2  good faith.  However, Cade's only argument is that it has "no evidence from which to evaluate the

3  IRS' and/or [Revenue Officer] Joe Smith's purpose, conduct, administrative steps, and more."

4  Resp. at 2.  From this, Cade summarily requests that the Petition be dismissed with prejudice.  Id.

5  at 3.  Although counsel for Cade argued at the hearing on this matter that certain actions taken by

6  the IRS toward Ms. Stenshoel-Sousa are suggestive of bad faith, Cade offered no specific facts or

7  evidence to support such allegations, nor was this argument addressed by Respondent's pleadings.

8  See Liberty, 778 F.2d at 1392.  Accordingly, the Court finds that Cade has not presented sufficient

9  evidence of bath faith, nor has it offered facts or argument sufficient to rebut the Government's

10  *prima facie* case.

11       7.       As to Cade's request that it be afforded discovery and/or an evidentiary hearing, the

12  Court finds that Cade has failed to make a preliminary showing of bad faith or allege that

13  enforcement of the summons would likely result in an abuse of the court's process.  See Stuckey,

14  646 F.2d at 1374; Resp. at 2-3.  Nor does Cade allege what relevant evidence it anticipates

15  discovery would be likely to uncover in this case.  See Resp. at 2-3.

16       Based on the forgoing, the Court hereby GRANTS the Government's Verified Petition to

17  Enforce the IRS Summons served on Cade Corporation, and DENIES Respondent's request for

18  discovery and/or an evidentiary hearing.

19       It is FURTHER ORDERED that Respondent is directed to obey the summons issued; to

20  appear before Special Agent Joe Smith, or any other proper officer of the IRS, at such time and

21  place as may hereafter be determined, to give testimony as demanded in the summons.

22       The Clerk shall close this file.

23       **IT IS SO ORDERED.**

24  Dated: August 26, 2016

25  _____

26       EDWARD J. DAVILA
         United States District Judge

27

28
Case No.: 5:16-cv-01996-EJD
ORDER GRANTING VERIFIED PETITION TO ENFORCE IRS SUMMONS